⊗AO 245B    (Rev. 9/00) Judgment in a Criminal Case
Sheet 1

FILED

FEB 2 4 2011

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
| **v.** | (For Offenses Committed On or After November 1, 1987) |
| SON HONG JOHNSON | Case Number: 07CR1312-JAH-10 |
| | Lisa K. Baughman, CJA |
| | Defendant's Attorney |

**REGISTRATION NO.** 03867298

☒ Modification of Sentence (Fed. R. Crim. P. 35(b)(2)); Previously Imposed Sentence is Hereby Set Aside and Vacated

**THE DEFENDANT:**
☒ pleaded guilty to count(s)    One of the three-count indictment.

☐ was found guilty on count(s) _____
after a plea of not guilty.
Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 18 USC 1962(d) | Conspiracy to Conduct the Affairs of an Enterprise Through a Pattern of Racketeering Activity. | 1 |

The defendant is sentenced as provided in pages 2 through ___14___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☒ Count(s) __remaining__    is ☐ are ☒ dismissed on the motion of the United States.

☒ Assessment: $100.00.

☒ No fine    ☒ Property forfeited pursuant to order filed ___7/2/08___, included herein.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

February 14, 2011
Date of Imposition of Sentence

HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

07CR1312-JAH-10

AO 245B     (Rev. 9/00) Judgment in Criminal Case
            Sheet 2 — Imprisonment

Judgment — Page   2   of   14

DEFENDANT: SON HONG JOHNSON
CASE NUMBER: **07CR1312-JAH-10**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of
TWENTY-FOUR MONTHS concurrent to sentence imposed in case 08CR1867-JAH

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m.  ☐ p.m.   on _____ .

    as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☒ before   11/30/09 @ 2:00 pm or to the US Marshal if not designated.

    ☒ as notified by the United States Marshal.

    ☒ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

    Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

**07CR1312-JAH-10**

AO 245D    (Rev. 12/03) Judgment in a Criminal Case for Revocations
          Sheet 3 — Supervised Release

| | | Judgment—Page | 3 | of | 14 |

DEFENDANT: SON HONG JOHNSON
CASE NUMBER: 07CR1312-JAH-10

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:
THREE (3) YEARS.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

*For offenses committed on or after September 13, 1994:*

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than __4__ drug tests per month during the term of supervision, unless otherwise ordered by court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer pursuant to 18 USC 3583(d).

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.  (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence.  (Check, if applicable.)

If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

The defendant must comply with the standard conditions that have been adopted by this court. The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**07CR1312-JAH-10**

AO 245B    (Rev. 9/00) Judgment in a Criminal Case
           Sheet 4 — Special Conditions

Judgment—Page ___4___ of ___14___

DEFENDANT: SON HONG JOHNSON
CASE NUMBER: **07CR1312-JAH-10**

# SPECIAL CONDITIONS OF SUPERVISION

☒ Submit person, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

☐ If deported, excluded, or allowed to voluntarily return to country of origin, not reenter the United States illegally and report to the probation officer with  24  hours of any reentry to the United States; supervision waived upon deportation, exclusion or voluntary departure.

☐ Not transport, harbor, or assist undocumented aliens.

☐ Not associate with undocumented aliens or alien smugglers.

☐ Not reenter the United States illegally.

☐ Not enter the Republic of Mexico without written permission of the Court or probation officer.

☒ Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

☐ Not possess any narcotic drug or controlled substance without a lawful medical prescription.

☐ Not associate with known users of, smugglers of, or dealers in narcotics, controlled substances, or dangerous drugs in any form.

☒ Participate in a program of mental health treatment as directed by the probation officer, take all medications as prescribed by a psychiatrist/physician, and not discontinue any medication without permission.  The Court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer.  The defendant may be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

☒ Not enter any gambling establishment and not engage in any form of gambling including lottery, on-line gambling, or casino gambling.

☐ Participate in a mental health treatment program as directed by the probation office.

☒ Provide complete disclosure of personal and business financial records to the probation officer as requested.

☒ Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.

☐ Seek and maintain full time employment and/or schooling or a combination of both.

☐ Resolve all outstanding warrants within            days.

☐ Complete            hours of community service in a program approved by the probation officer within

☐ Reside in a Residential Reentry Center (RRC) as directed by the probation officer for a period of

☐ Reside in a Residential Reentry Center (RRC) as directed by the Bureau of Prisons for a period of commencing upon release from imprisonment.

☐ Remain in your place of residence for a period of                    , except while working at verifiable employment, attending religious services or undergoing medical treatment.

☐ Not engage in any form of telemarketing, as defined in 18 USC 2325, without the written permission of the probation officer.

☐ Comply with the conditions of the Home Confinement Program for a period of                    months and remain at your residence except for activities or employment as approved by the court or probation officer.  Wear an electronic monitoring device and follow procedures specified by the probation officer.  Pay the total cost of electronic monitoring services, or a portion if deemed appropriate by the probation officer.

☐ Participate in a program of drug or alcohol abuse treatment, including urinalysis testing and counseling, as directed by the probation officer. The defendant may be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

**07CR1312-JAH-10**

AO 245S    Judgment in Criminal Case
           Sheet 5 — Criminal Monetary Penalties

| | | | Judgment — Page | 5 | of | 14 |

DEFENDANT: SON HONG JOHNSON
CASE NUMBER: 07CR1312-JAH-10

# RESTITUTION

The defendant shall pay restitution in the amount of _____ $5,750,451 _____ unto the United States of America.

This sum shall be paid   **✗**  immediately.
                         **✗**  as follows:

Pay restitution in the amount of $5,750,451, jointly and severally, through the Clerk, U.S. District Court, to the following victims in the amounts specified, payable forthwith or through the Inmate Financial Responsibility Program at a rate of $25.00 per quarter during the period of incarceration, with the payment of any remaining balance to be made following the defendant's release from prison at the rate of $300.00 per month. Distribution of restitution to the victims is to be on a pro rata basis. Restitution ordered in this case as to the victims named in the attachment is ordered to be concurrent with the restitution ordered in Case No. 08-CR-1867-JAH.

(see attachment)

The Court has determined that the defendant   does not   have the ability to pay interest. It is ordered that:

**✗**    The interest requirement is waived.

_____    The interest is modified as follows:

07CR1312-JAH-10

**RESTITUTION CHART FOR SON HONG JOHNSON**
**CASE NOS. 07-CR-1312-JAH; 08-CR-01867-JAH**

The government requests that Court order defendant SON HONG JOHNSON to pay total restitution concurrently in Case Nos. 07-CR-1312-JAH and 08-CR-01867 of $5,750,451 to the following victims, in the amounts specified, joint and several as specified:[1]

<u>Cache Creek Indian Bingo and Casino</u>

$297,173 to Cache Creek Indian Bingo and Casino, P.O. Box 65, Brooks, CA 95606, joint and several with:

| Defendant | Amount | Case No. | Judgment |
|---|---|---|---|
| Phuong Quoc Truong | $297,173 | 07-CR-1312-JAH<br>08-CR-0746-JAH | |
| George Michael Lee | $117,488 | 07-CR-1312-JAH<br>07-CR-3241-JAH<br>07-CR-3255-JAH | DE 651<br>DE 15<br>DE 14 |
| Han Truong Nguyen | $297,173 | 07-CR-1312-JAH | DE 366 |

### Emerald Queen Casino

$251,634 to Emerald Queen Casino, 2024 East 29th Street, Tacoma, Washington 98404, joint and several with:

| Defendant | Amount | Case No. | Judgment |
|---|---|---|---|
| Phuong Quoc Truong | $251,634 | 07-CR-1312-JAH<br>08-CR-0746-JAH | |
| Martin Lee Aronson | $251,634 | 07-CR-1312-JAH | |
| Hogan Ho | $ 29,000 | 08-CR-3040-JLS | DE 310 |
| Outtama Keovongsa | $ 8,500 | 08-CR-3040-JLS | DE 295 |
| Leap Kong | $ 20,700 | 08-CR-3040-JLS | DE 263 |
| Darrell Saicocie | $ 26,900 | 08-CR-3040-JLS | DE 307 |
| Phally Ly | $ 8,750 | 08-CR-3143-DMS | DE 28 |
| Sisouvanh Mounlasy | $ 28,000 | 08-CR-2519-JM | DE 46 |
| Navin Nith | $ 29,350 | 08-CR-2958-WQH | DE 30 |
| Roderick Vang Thor | $ 27,500 | 08-CR-2643-JAH | DE 23 |
| PHEAP NORNG | $251,634 | 06-CR-5136-RBL<br>WDWA | DE 95 |
| THONGSOK SOVAN | $251,634 | 06-CR-5136-RBL<br>WDWA | DE 91 |

## Isle of Capri, Westlake

$813,603 to Isle of Capri, 100 Westlake Avenue, Westlake, LA 70669, joint and several with:

| Defendant | Amount | Case No. | Judgment |
|---|---|---|---|
| Phuong Quoc Truong | $813,603 | 07-CR-1312-JAH 08-CR-0746-JAH | |
| Martin Lee Aronson | $813,603 | 07-CR-1312-JAH | |
| George Michael Lee | $813,603 | 07-CR-1312-JAH 07-CR-3241-JAH 07-CR-3255-JAH | DE 651 DE 15 DE 14 |
| Tien Duc Vu | $101,160 | 07-CR-1312-JAH 08-CR-2069-JAH | DE 660 DE 17 |
| Tuan Mong Le | $.81,160 | 07-CR-1312-JAH | DE 440 |
| Hogan Ho | $108,510 | 08-CR-3040-JLS | DE 310 |
| Thang Viet Huynh | $114,775 | 08-CR-3040-JLS | |
| Hop Nguyen | $ 64,488 | 09-CR-0228-WQH | DE 27 |

### Isle of Capri, Bossier City

$255,550 to Isle of Capri, 711 Isle of Capri Blvd., Bossier City, LA 71111, joint and several with:

| Defendant | Amount | Case No. | Judgment |
|---|---|---|---|
| Phuong Quoc Truong | $255,550 | 07-CR-1312-JAH 08-CR-0746-JAH | |
| Martin Lee Aronson | $255,550 | 07-CR-1312-JAH | |
| George Michael Lee | $255,550 | 07-CR-1312-JAH 07-CR-3241-JAH 07-CR-3255-JAH | DE 651 DE 15 DE 14 |
| Tien Duc Vu | $ 19,625 | 07-CR-1312-JAH 08-CR-2069-JAH | DE 660 DE 17 |
| Tuan Mong Le | $203,375 | 07-CR-1312-JAH | DE 440 |
| Qua Le | $ 40,700 | 08-CR-3040-JLS | DE 273 |
| Hop Nguyen | $ 47,750 | 09-CR-0228-WQH | DE 27 |

### Monte Carlo Resort and Casino

$24,225 to Monte Carlo Resort and Casino, 2770 Las Vegas Blvd. South, Las Vegas, NV 89109, joint and several with:

| Defendant | Amount | Case No. | Judgment |
|---|---|---|---|
| Phuong Quoc Truong | $ 24,225 | 07-CR-1312-JAH 08-CR-0746-JAH | |
| Martin Lee Aronson | $ 24,225 | 07-CR-1312-JAH | |
| George Michael Lee | $ 24,225 | 07-CR-1312-JAH 07-CR-3241-JAH 07-CR-3255-JAH | DE 651 DE 15 DE 14 |
| Thang Viet Huynh | $ 24,225 | 08-CR-3040-JLS | |

## Beau Rivage Casino

$304,536 to Beau Rivage Casino, 875 Beach Blvd., Biloxi, MS 39530, joint and several with:

| Defendant | Amount | Case No. | Judgment |
|---|---|---|---|
| Phuong Quoc Truong | $304,536 | 07-CR-1312-JAH<br>08-CR-0746-JAH | |
| Phat Ngoc Tran | $ 66,000 | 07-CR-1312-JAH | DE 659 |
| Martin Lee Aronson | $304,536 | 07-CR-1312-JAH | |
| George Michael Lee | $304,536 | 07-CR-1312-JAH<br>07-CR-3241-JAH<br>07-CR-3255-JAH | DE 651<br>DE 15<br>DE 14 |
| Tien Duc Vu | $ 66,000 | 07-CR-1312-JAH<br>08-CR-2069-JAH | DE 660<br>DE 17 |
| Willy Tran | $ 56,100 | 07-CR-1312-JAH | DE 475 |
| Tuan Mong Le | $304,536 | 07-CR-1312-JAH | DE 440 |
| Thang Viet Huynh | $ 44,870 | 08-CR-3040-JLS | |
| Hop Nguyen | $ 21,000 | 09-CR-0228-WQH | DE 27 |

## Mohegan Sun Casino

$540,125 to Mohegan Sun Casino, 1 Mohegan Sun Blvd., Uncasville, CT 06382, joint and several with:

| Defendant | Amount | Case No. | Judgment |
|-----------|--------|----------|----------|
| Phuong Quoc Truong | $540,125 | 07-CR-1312-JAH<br>08-CR-0746-JAH | |
| Phat Ngoc Tran | $540,125 | 07-CR-1312-JAH | DE 659 |
| Martin Lee Aronson | $540,125 | 07-CR-1312-JAH | |
| Liem Thanh Lam | $104,425 | 07-CR-1312-JAH | DE 439 |
| Tien Duc Vu | $379,225 | 07-CR-1312-JAH<br>08-CR-2069-JAH | DE 660<br>DE 17 |
| Willy Tran | $514,400 | 07-CR-1312-JAH | DE 475 |
| Tuan Mong Le | $540,125 | 07-CR-1312-JAH | DE 440 |
| Duc Cong Nguyen | $422,600 | 07-CR-1312-JAH | DE 624 |
| Han Truong Nguyen | $515,500 | 07-CR-1312-JAH | DE 366 |

## Foxwoods Resort Casino

$945,530 to Foxwoods Resort Casino, 39 Norwich-Westerly Road, Ledyard, CT 06339, joint and several with:

| Defendant | Amount | Case No. | Judgment |
|-----------|--------|----------|----------|
| Phuong Quoc Truong | $945,530 | 07-CR-1312-JAH<br>08-CR-0746-JAH | |
| Phat Ngoc Tran | $945,530 | 07-CR-1312-JAH | DE 659 |
| Martin Lee Aronson | $540,125 | 07-CR-1312-JAH | |
| Tien Duc Vu | $906,005 | 07-CR-1312-JAH<br>08-CR-2069-JAH | DE 660<br>DE 17 |
| Barry Wellford | $945,530 | 07-CR-1312-JAH | |
| Willy Tran | $945,530 | 07-CR-1312-JAH | DE 475 |
| Tuan Mong Le | $945,530 | 07-CR-1312-JAH | DE 440 |
| Duc Cong Nguyen | $522,455 | 07-CR-1312-JAH | DE 624 |

### Resorts East Chicago Casino

$1,052,475[2] to Resorts East Chicago Casino, East Chicago, IN, c/o Nicolas R. Amato, Resorts International Holdings, Atlantic City Hilton Hotel and Casino, Boston and Boardwalk, Atlantic City, NJ 08401, joint and several with:

| Defendant | Amount | Case No. | Judgment |
|---|---|---|---|
| Phuong Quoc Truong | $1,052,475 | 07-CR-1312-JAH 08-CR-0746-JAH | |
| Phat Ngoc Tran | $1,052,475 | 07-CR-1312-JAH | DE 659 |
| Martin Lee Aronson | $1,052,475 | 07-CR-1312-JAH | |
| Willy Tran | $1,052,475 | 07-CR-1312-JAH | DE 475 |
| Thang Viet Huynh | $   77,854 | 08-CR-3040-JLS | |

[2] The government's spreadsheet of restitution amounts due to victim casinos, calculates the loss to Resorts East at $1,563,775.  Resorts East was reimbursed $511,300 by Federal Insurance.  $1,563,775 - $511,300 = $1,052,475, the figure used. Resorts East Casino claimed a loss of $1,603,367, which is $39,592 more than the government's figure.  Since Federal Insurance paid Resorts East for approximately 33% of the loss, restitution is split 67% to Resorts East and 33% to Federal Insurance.  Thang Viet Huynh cashed out $116,200 at Resorts East. $116,200 X 67% = $77,854 in restitution to the casino and $38,346 to Federal Insurance.  Although a CTR-C shows Han Truong Nguyen was at Resorts East, the casino is not listed as a victim for Restitution in his Judgment (DE 366), however Federal Insurance is listed for $808,300.

### Federal Insurance Co.

$511,300 to Federal Insurance Co., Mark Ross Esq., 600 Jefferson Street, Ste. 512, Lafayette, LA 70501, joint and several with:

| Defendant | Amount | Case No. | Judgment |
|---|---|---|---|
| Phuong Quoc Truong | $511,300 | 07-CR-1312-JAH 08-CR-0746-JAH | |
| Phat Ngoc Tran | $511,300 | 07-CR-1312-JAH | DE 659 |
| Martin Lee Aronson | $511,300 | 07-CR-1312-JAH | |
| Willy Tran | $511,300 | 07-CR-1312-JAH | DE 475 |
| Han Truong Nguyen | $511,300 | 07-CR-1312-JAH | DE 366 |
| Thang Viet Huynh | $ 77,854 | 08-CR-3040-JLS | |

### Majestic Star Casino

$273,075 to Majestic Star Casino, 1 Buffington Harbor Drive, Gary, Indiana 46406, joint and several with:

| Defendant | Amount | Case No. | Judgment |
|---|---|---|---|
| Phuong Quoc Truong | $273,075 | 07-CR-1312-JAH 08-CR-0746-JAH | |
| Phat Ngoc Tran | $273,075 | 07-CR-1312-JAH | DE 659 |
| Martin Lee Aronson | $273,075 | 07-CR-1312-JAH | |
| Willy Tran | $192,775 | 07-CR-1312-JAH | DE 475 |

## Horseshoe Casino

$429,825 to Horseshoe Casino,[3] Attn:  John Taylor, 1021 Casino Center Drive, Robinsonville, MS 38664, joint and several with:

| Defendant | Amount | Case No. | Judgment |
|---|---|---|---|
| Phuong Quoc Truong | $429,825 | 07-CR-1312-JAH 08-CR-0746-JAH | |
| Phat Ngoc Tran | $429,825 | 07-CR-1312-JAH | DE 659 |
| Martin Lee Aronson | $429,825 | 07-CR-1312-JAH | |
| Liem Thanh Lam | $ 99,000 | 07-CR-1312-JAH | DE 439 |
| Barry Wellford | $268,625 | 07-CR-1312-JAH | |
| Willy Tran | $429,835 | 07-CR-1312-JAH | DE 475 |
| Tuan Mong Le | $239,800 | 07-CR-1312-JAH | DE 440 |
| Han Truong Nguyen | $ 99,000 | 07-CR-1312-JAH | DE 366 |
| Renee Cuc Quang | $ 80,000 | 08-CR-3041-JAH | DE 21 |

## Gold Strike Casino and Resort

$51,400 to Gold Strike Casino and Resort, 1010 Casino Center Drive, Robinsonville, MS 38664, joint and several with:

| Defendant | Amount | Case No. | Judgment |
|---|---|---|---|
| Phuong Quoc Truong | $ 51,400 | 07-CR-1312-JAH 08-CR-0746-JAH | |
| Phat Ngoc Tran | $ 51,400 | 07-CR-1312-JAH | DE 659 |
| Martin Lee Aronson | $ 51,400 | 07-CR-1312-JAH | |
| Liem Thanh Lam | $ 51,400 | 07-CR-1312-JAH | DE 439 |
| Barry Wellford | $ 51,400 | 07-CR-1312-JAH | |
| Willy Tran | $ 51,400 | 07-CR-1312-JAH | DE 475 |
| Renee Cuc Quang | $ 51,400 | 08-CR-3041-JAH | DE 21 |

---

[3] Combines both Horseshoe Casinos in Bossier City and Tunica.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FILED**

JUL - 2 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,          )     Case No. 07cr1312-JAH
                                   )
            Plaintiff,             )
                                   )     ORDER OF CRIMINAL
      v.                           )     FORFEITURE
                                   )
SON HONG JOHNSON (10),             )
                                   )
            Defendant.             )
_____)

WHEREAS, in the Indictment in the above-captioned case, the United States sought forfeiture of all right, title and interest in specific properties of the above-named Defendant, SON HONG JOHNSON (10) ("Defendant"), pursuant to Title 18, United States Code, Section 1963, as properties obtained directly or indirectly as the result of the commission of the violations charged in the Indictment; and

WHEREAS, on or about July 1ST, 2008, Defendant pled guilty to Count 1 of the Indictment, which plea included a consent to the forfeiture allegations of the Indictment and an agreement to entry of a **$155,000** judgment against the Defendant in favor of the United States; and

WHEREAS, by virtue of the admissions of the Defendant set out in the plea agreement and guilty plea, the Court determined that **$155,000** (U.S. dollars) represents a portion of the gross proceeds generated by the racketeering conspiracy as charged in Count One of the Indictment, in violation of Title 18, United States Code, Section 1962; and

//

1    WHEREAS, by virtue of said guilty plea and the Court's findings, the United States is now

2  entitled to an Order of Forfeiture and a judgment in its favor against the Defendant in the amount

3  of **$155,000**, pursuant to 18 U.S.C. § 1963 and Rule 32.2(b) of the Federal Rules of Criminal

4  Procedure; and

5    WHEREAS, Rule 32.2(c)(1) provides that "no ancillary proceeding is required to the extent

6  that the forfeiture consists of a money judgment;" and

7    WHEREAS, by virtue of the facts set forth in the plea agreement, the United States has

8  established the requisite nexus between the **$155,000** judgment and the offense; and

9    WHEREAS, the United States, having submitted the Order herein to the Defendant through

10  his attorney of record, to review, and no objections having been received;

11    Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

12    1.    Defendant SON HONG JOHNSON (10) shall forfeit to the United States the sum

13  of **$155,000** pursuant to Title 18, United States Code, Section 1963(m) and Title 21, United States

14  Code, Section 853(p), Forfeiture of substitute property; and

15    2.    The Clerk of the Court is directed to enter a judgment in favor of the United States

16  against Defendant SON HONG JOHNSON (10) in the amount of **$155,000.00** with interest to

17  accrue thereon in accordance with law; and

18    3.    This Court shall retain jurisdiction in the case for the purpose of enforcing the order

19  of forfeiture and collecting and enforcing the judgment; and

20    4.    Pursuant to Rule 32.2(b)(3), this Order of Forfeiture shall be made final as to the

21  Defendant at the time of sentencing and is part of the sentence and included in the judgment; and

22    5.    The United States may, at any time, move pursuant to Rule 32.2(e) to amend this

23  Order of Forfeiture to substitute property having a value not to exceed **$155,000** to satisfy the

24  money judgment in whole or in part; and

25  //

26  //

27  //

28

2                    07cr1312

1  |  6.    The United States may take any and all actions available to it to collect and enforce

2  | the judgment.

3  | DATED:  8-1-08

4

5  | JOHN A. HOUSTON, Judge
United States District Court

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07cr1312